IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, Inc., *et al.*<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:17-cv-1351 (CKK) |

## DEFENDANTS' UNOPPOSED MOTION TO STAY DEFENDANTS' OBLIGATION TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Defendants respectfully request that this Court stay their obligation to answer or otherwise respond to the Complaint pending the submission of materials related to defendants' obligations under section 10(b) of the Federal Advisory Committee Act ("FACA) that are being provided in a related case currently before this Court, *Lawyers' Committee for Civil Rights Under Law v. Presidential Advisory Commission on Election Integrity* ("*Lawyers' Committee v. PACEI*"), et al., No. 17-cv-1354 (CKK).  In support of this unopposed motion, defendants state as follow.

1.　　Plaintiffs have alleged that the Presidential Advisory Commission on Election Integrity (the "Commission") has failed to comply with the FACA section 10(b)'s disclosure requirements.  *E.g.*, Compl. ¶ 79, ECF No. 1.

2.　　Defendants' FACA section 10(b) disclosure obligations are also at issue in *Lawyers' Committee v. PACEI*, No. 17-cv-1354 (CKK).  In that related case, this Court observed that in order for "[it] to determine if there is jurisdiction . . . most likely under mandamus, in

order to make a ruling, I need to have a better understanding of the Commission's position on the documents to date as to whether they're subject to 10(b) disclosures and under what circumstances." *Lawyers' Committee v. PACEI*, Tr. of Hearing (Aug. 30, 2017) 14:9-14. Accordingly, "[d]efendants have agreed to provide [additional] information [in the form of two declarations and a *Vaughn*-type index] in order for Plaintiff and the Court to be able to properly assess Defendants' anticipated arguments, in the form of a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), regarding the availability of mandamus jurisdiction in this action." Order (Aug. 30, 2017), *Lawyers' Committee v. PACEI*, ECF No. 28.   The Court further stated that "I believe this information will permit plaintiff and the Court to assess [defendants'] representations regarding their compliance with Section 10(b) because that's really the issue for me." *Lawyers' Committee v. PACEI*, Tr. of Hearing (Aug. 30, 2017) 16:8-11.

3. This Court stayed Defendants' obligation to answer or otherwise respond to the complaint in *Lawyers' Committee v. PACEI*, and stated that it shall set a schedule for future proceedings after it has received and reviewed the materials to be provided by defendants. Order, *Lawyers' Committee v. PACEI*, ECF No. 28.

4. Defendants respectfully submit that the same questions about the scope of the Commission's FACA section 10(b) responsibilities, and the availability of mandamus jurisdiction, apply in the instant case.  Accordingly, the information submitted in *Lawyers' Committee* would also be of assistance to this Court and the parties in this case in assessing defendants' anticipated arguments in the form of a Rule 12(b)(1) motion.  Defendants therefore request that this Court stay their deadline to answer or otherwise respond to plaintiffs' Complaint to allow for the submission of this material in this case as well.

5. Undersigned counsel conferred with opposing counsel pursuant to Local Civil Rule 7(m), who represent that they do not oppose a stay to defendants' deadline to answer and or respond to their complaint pending the submission of the section 10(b) material in *Lawyers' Committee v. PACEI*, subject to defendants' agreement not to oppose adopting in this case any such schedule for responses set by the Court in *Lawyers' Committee v. PACEI*. Defendants would not oppose such a schedule. This would be the first extension granted to either party.

5. Pursuant to Federal Rule of Civil Procedure 12(a)(2), defendants' deadline to answer or otherwise respond to plaintiffs' complaint is September 8, 2017. Defendants are aware of this Court's order that motions for extensions of time must be filed at least four business days prior to the first affected deadline. Order ¶ 7(A), ECF No. 9. However, defendants respectfully submit that good cause warrants the requested extension: the Court did not enter the stay and direction on section 10(b) materials in *Lawyers' Committee v. PACEI* until late in the day on August 30, 2017, Order, ECF No. 28, and, pursuant to an order of this Court, the parties in that case did not submit a proposed date for the filing of these materials until September 5, 2017; Order, ECF No. 28; Joint Status Report, ECF No. 30. Furthermore, the parties in the instant case conferred as quickly as possible given these circumstances and the Labor Day holiday weekend.

Dated:  September 6, 2017                            Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Joseph E. Borson*
CAROL FEDERIGHI
Senior Trial Counsel
JOSEPH E. BORSON
KRISTINA WOLFE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1944
Email: joseph.borson@usdoj.gov

*Counsel for Defendants*